## 11274.　DIXIE COTTON COMPANY *v.* JACKSON.

1. The question whether the contract for the sale of cotton to the plaintiff was joint and several, or only a joint contract, on the part of the defendant and the third party signing it with him, was one of fact, for determination by the judge, who by agreement of the parties tried the case without a jury; and he having found that it was a joint contract, and there being evidence to sustain this finding, he did not err in holding that a receipt of the plaintiff, releasing the co-obligor of the defendant, operated to release the defendant also.

2. There was sufficient evidence of the agency of the person who signed the receipt in the name of the plaintiff, and the court did not err in admitting the receipt in evidence.

　　　　　　　　　　DECIDED APRIL 8, 1920.

Action on contract; from Dodge superior court — Judge Mathews presiding. December 20, 1919.

Application for certiorari was denied by the Supreme Court.

*Larsen & Crockett,* for plaintiff.

*Charles W. Griffin, D. D. Smith, Mallet & Bell,* for defendant.

Sмiтн, J. The Dixie Cotton Company sued C. M. Jackson for breach of contract in failing to deliver 50 bales of cotton, which it alleged were bought from him by the company. The petition alleged that on July 31, 1918, the contract for the purchase of the cotton was entered into between the parties. Paragraph 4 of the petition alleged: "The said contract covers the sale of 100 bales, and is also signed by J. B. Hinson Company as seller, but this said company has complied with its part of the contract by the delivery of 50 bales under the terms of the contract." The petitioner further alleged that it had been damaged in the sum of $2,437.50, the difference in the market price at the time and place of delivery and the contract price, and prayed for judgment for that amount. The contract was attached to the petition, and in the body thereof it appears to have been a contract between the plaintiff and C. M. Jackson, in which Jackson sold and agreed to deliver to the plaintiff the 100 bales of cotton within a certain time and at a certain price, the grade of the cotton being described in the contract. The contract was signed C. M. Jackson, with the word "Seller" before the signature. Below was signed: "J. B. Hinson Co., J. B. Hinson, Sec'y," "Dixie Cotton Company, Izzie Bashinski, President," with the word "Buyer" prefixed to the signature of the latter company. The contract was witnessed by R. W. Wynne. The plaintiff amended his petition by striking paragraph 4 and inserting in lieu thereof the following: "The said contract stipulates for the sale and purchase of 100 bales of cotton, but 50 bales have been delivered under the contract according to its terms, and the contract has been breached only as to the failure by the said C. M. Jackson to deliver 50 bales for the breach of which petitioner sued." The defendant filed an answer admitting he was a resident of said county and denying all the other paragraphs of the plaintiff's petition. The defendant amended his answer by alleging (1) that the plaintiff, before the bringing of this suit, "released this defendant's joint obligor, J. B. Hinson Co., a corporation, from said joint obligation, declared on, in the following manner, to wit: By recovery [receiving?] from said J. B. Hinson Company 50 bales of cotton, on said contract and entering on said contract the following: 'Chester Ga., 9/9-1918, received on the within contract fifty (50) bales of cotton in full

of J. B. Hinson Co. part of contract, Dixie Cotton Co., by R. W. Wynne;" and (2) "that this defendant never consented to nor satisfied [ratified?] said release of said J. B. Hinson Company;" and (3) "that by reason of the facts set out in this amendment the defendant has been released and discharged."

By agreement of counsel the case was tried before the judge of the superior court without a jury. On the trial the defendant admitted a prima facie case for the plaintiff. He admitted the execution of the contract sued on, the breach by a failure to deliver the cotton to the plaintiff, and the value of the cotton at the time specified for delivery. The plaintiff then introduced the original contract. The defendant introduced the duplicate of the original contract with the receipt on the back of the same, the receipt being in the following language: "Chester, Ga., 9/9-1918, Received on the within contract 50 bales of cotton in full, J. B. Hinson Co. part of contract. (Signed) Dixie Cotton Co., by R. W. Wynne." The defendant also introduced the fourth paragraph of the plaintiff's original petition. The defendant testified, in his own behalf, that he knew R. W. Wynne, and had sold him his cotton as the agent of the Dixie Cotton Company for a number of years, and had been paid by him for the cotton, as the agent of the Dixie Cotton Company; that he told Wynne that he and J. B. Hinson wanted a contract with the Dixie Cotton Company to sell them 100 bales of cotton; that in a few days Wynne brought this contract to him, and that he and Hinson signed it in Hinson's office in the presence of Wynne; that Wynne turned one copy over to Hinson and the defendant and retained one himself; and that the entry of receipt on the duplicate contract held by the defendant and Hinson was in Wynne's handwriting, and the signature following the Dixie Cotton Company was Wynne's. After hearing the evidence and argument the court rendered a judgment in favor of the defendant.

1. It was for the judge, who heard the case without a jury, to determine as to whether the contract was a joint and several contract or a joint contract, and he having found that it was a joint contract, and there being evidence to sustain this finding, there was no error in his holding that the receipt releasing J. B. Hinson Company operated to release C. M. Jackson.

2. The court did not err in admitting, over objection, the re-

ceipt on the back of the duplicate contract, accepting "50 bales of cotton in full, J. B. Hinson Co. part of contract. (Signed) Dixie Cotton Co., by R. W. Wynne." The objection urged was that it was not shown that Wynne was authorized to give such a receipt for the Dixie Cotton Company, and that it was not binding on the company. There was ample evidence showing the agency of R. W. Wynne for the Dixie Cotton Company, and this evidence was properly admitted.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*